**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

JUN 2 7 2016

ALLIEU KAMARA
CHRISTIANA KAMARA

      Plaintiffs,

                           Case No.  1:16-cv-807

v.

ASSOCIATION DUES ASSURANCE CO, LLC

serve:                                 JURY DEMANDED

      Incorp Services, Inc., Registered Agent
      7288 Hanover Green Dr
      Mechanicsville, Va 23111

      Defendant.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

      Plaintiffs file this Complaint against Defendant for violations of the Fair Debt

Collection Practices Act.

### *Preliminary Statement*

1.    Plaintiffs bring this action for statutory and actual damages arising from

Defendant's violations of the  Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§ 1692 *et seq.*, which prohibits debt collectors from engaging in abusive,

deceptive, harassing, unfair, and illegal practices as described more fully below.

### *Jurisdiction and Venue*

2.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C.

§ 1331, and 28 U.S.C. § 1367.

3. Defendant Association Dues Assurance Company ("ADAC") conducts business in this district and is subject to personal jurisdiction in the Commonwealth of Virginia and in this federal district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### *Parties*

5. Plaintiffs are natural persons.

6. Plaintiffs are citizens of the Commonwealth of Virginia, who reside in Prince William County, Virginia.

7. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).

8. Defendant is a is a Limited Liability Corporation with its principal place of business located in St. Clair Shores, Michigan.

9. Defendant is engaged in the collection of consumer debts.

10. Defendant uses instrumentalities of interstate commerce or the mails in connection with a business, the principal purpose of which is the enforcement of debt collection.

11. Defendant's business includes debt-collection activities.

12. At all times relevant hereto, Defendant was a "debt collector," as that term is defined by FDCPA § 1692a(6).

### *Factual Allegations*

13. At all times relevant hereto, Plaintiffs owned and resided in property located within Saybrooke Village of Bristol of Virginia Homeowners Association (The

Association).

14. In 2011, Plaintiffs' monthly dues for the Association became delinquent.

15. As a result of Plaintiffs' monthly dues becoming delinquent, the Association filed a lawsuit against Plaintiffs in the Prince William County General District Court, and obtained a judgment on February 2, 2012 in the amount of $1,014.16 principal, together with 10% interest per annum from December 31, 2010, $68 court costs and $275 attorney fees. A copy of the Judgment is attached hereto as Exhibit 1 and incorporated herein by reference.

16. In or about 2013, ADAC took over the collection of Plaintiffs' account owed to the Association.

17. On August 5, 2015, ADAC filed a Memorandum of Lien for unpaid assessments. A copy of the Memorandum of Lien is attached hereto as Exhibit 2 and incorporated herein by reference.

18. In the Memorandum of Lien, Defendant includes numerous fees which are not owed, including, but not limited to:

    a. Defendant charged "collection administration fees" which are not authorized or contracted for.

    b. Defendant charged for their "out of pocket expenses" such as property tax search and postage, which are not authorized or contracted for.

    c. Defendant charged a "lien filing fee" in excess of the Court's filing fee for a lien.

    d. Defendant charged "additional delinquent assessments for which a lien is

provided in Declaration - $5,780.16". This is in excess of the true amount owed.

e.     The inclusion of the claimed "additional delinquent assessments for which a lien is provided in Declaration - $5,780.16" as part of the lien is in excess of the amounts allowed to be liened pursuant to Virginia Code §55-516.

19.    On or about February 2, 2016, Defendant sent Plaintiffs a dunning letter, a copy of which is attached hereto as Exhibit 3 and incorporated herein by reference.

20.    The February 2, 2016 dunning claims that the amount secured by the lien is $8,120.28, and that Plaintiffs must pay this amount to avoid having their home foreclosed upon.

21.    The February 2, 2016 grossly overstated the true amount owed and grossly overstated the amount required to satisfy the purported lien in several ways, including, but not limited to:

a.     The lien overstated the amount owed, as set forth in paragraph 17 above.

b.     The February 2, 2016 letter demanded $500 in legal fees; however, the Court had only awarded $275 in legal fees.

c.     The balance owed by Plaintiffs through February 2016 was not more than $6,611.50, inclusive of the judgment, and all post judgment all assessments, late fees and other charges authorized by law.

d.     The February 2, 2016 letter demands payment of the full balance owed in order to avoid foreclosure under the lien, when in fact the lien can only include dues and assessments owed up to 12 months prior to the filing of

the lien, pursuant to Virginia Code §55-516.

e.   The amount claimed includes collection fees not authorized.

f.   The amount claimed includes unauthorized administrative fees such as case set up, case title research, sending a dunning letter, postage, collection services fee, lien letter fee, past due reminder invoices.

22.   In addition, the February 2, 2016 letter does not contain the notice required under 15 U.S.C. § 1692e(11).

23.   On or about April 7, 2016, Defendant sent Plaintiffs another dunning letter. A copy of this dunning letter is attached hereto as Exhibit 4 and incorporated herein by reference.

24.   The April 7, 2016 dunning letter demands payment of $8,448.78 in order to avoid foreclosure.

25.   The April 7, 2016 grossly overstated the true amount owed and grossly overstated the amount required to satisfy the purported lien for the reasons set forth in paragraphs 17 and 20 above.

26.   In addition, the April 7, 2016 imposes a 3% surcharge for paying via credit card.

27.   There is no legal authority for adding a 3% surcharge for paying via credit card.

28.   On or about April 22, 2016 Defendant sent Plaintiffs another dunning letter. A copy of this dunning letter is attached hereto as Exhibit 5 and incorporated herein by reference.

29.   The April 22, 2016 dunning letter demands $10,203.78 to avoid foreclosure.

30.   The April 22, 2016 grossly overstated the true amount owed and grossly overstated

the amount required to satisfy the purported lien for the reasons set forth in paragraphs 17 and 20 above.

31.   In addition, the $10,203.78 demanded in the April 22, 2016 includes $1,755 in fees to service a monthly payment plan to pay the purported $8,448.78 claimed to be owed.

32.   Plaintiffs were forced to accept the payment plan set forth in the April 22, 2016 letter in order to avoid foreclosure of their home.

33.   The debt that Defendant sought to collect from Plaintiffs was originally incurred for personal, family, or household purposes.

### *Claim for Relief*

### **Count I - Fair Debt Collection Practices Act**

34.   Plaintiffs restate, reallege, and incorporate herein by reference all foregoing paragraphs as if set forth fully in this Count.

35.   Defendant's actions described above violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Defendant's violations include, but are not limited to, the following:

   a.   It charged Plaintiffs for collection fees, case set up fees, case title research, postage, lien fees and other related fees which it lacked legal authority to charge to Plaintiffs. Defendant has thus violated 15 U.S.C. §1692e(2) and (10), and § 1692f(1).

   b.   It demanded a 3% surcharge for paying via credit card. Defendant has thus violated 15 U.S.C. § 1692e(2), (5) and (10), and § 1692f(1).

6

c.    It demanded an inflated payoff in order to avoid foreclosure, and indicated
      that unless this inflated payoff was paid that it would foreclose on the
      PLaintiffs' property.  Defendant has thus violated 15 U.S.C. § 1692e(2), (4)
      and (10), and 15 U.S.C. §1692f(1).

d.    It demanded payment of sums which were outside the statute of limitations
      for a lien in order to avoid foreclosure under the lien.  Defendant has thus
      violated 15 U.S.C. § 1692e(2), (4), (5) and (10), and 15 U.S.C. § 1692f(1).

e.    It failed to include a notice that the February 2, 2016 dunning letter as from
      a debt collector , that the debt collector is attempting to collect a debt and
      that any information obtained owuld be used for that purpose.  Defendant
      has thus violated 15 U.S.C. § 1692e(11).

36.   As a result of the Defendant's violations of the Fair Debt Collection Practices Act, as
      described above, the Plaintiffs have suffered anxiety, sleeplessness, humiliation, loss of
      appetite, and emotional distress, actual damages, emotional distress, out of pocket
      expenses, and are also entitled to an award of statutory damages, costs and attorney fees.

## Demand for Jury Trial

37.   Plaintiffs demand a trial by Jury.

### *Prayer for Relief*

WHEREFORE, Plaintiffs pray that this Court grant the following relief in his favor, and
that judgment be entered against Defendant for the following:

(a)    For statutory damages;

(b)    Actual damages;

(c)    A declaration that Defendant's actions violate the FDCPA

(d)    For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of this claim;

(e)    For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(f)    For any and all other relief this Court may deem appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON**
**ALL CLAIMS AND ALL ISSUES**

PLAINTIFFS,
ALLIEU KAMARA
CHRISTIANA KAMARA


Thomas R. Breeden, Virginia Bar No 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, Fax (703) 257-2259
trb@tbreedenlaw.com


Brian L. Bromberg
Bromberg Law Office, PC
26 Broadway, 21st Floor
New York, NY 10004
Tel (212) 248-7906 Fax (212) 248-7908
*Pro Hac Vice* to be filed
brian@brianbromberglawoffice.com